United States District Court
Southern District of Texas
**ENTERED**
June 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LISA FREDERICK, *et al.*, | § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-745 |
| MERCEDES-BENZ USA, LLC, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

In late 2019, Arthur Frederick was injured while driving. He later died from his injuries. Lisa Frederick, his widow, and other family members, individually and on behalf of Arthur Frederick's estate, sued Durga Acharya, the driver of another vehicle involved in the incident; Mercedes-Benz USA, LLC; Group 1 Automotive; and TK Holdings, Inc. (Docket Entry No. 1-6). The plaintiffs brought a state-law negligence claim against Durga Acharya, who they allege "violently struck" Frederick's car. (*Id.* at ¶¶ 13, 17). The plaintiffs brought products liability, strict-products liability, and breach-of-warranty claims against the other defendants, on the theory that Frederick's car was defective because the air bags did not deploy, exacerbating his injuries. (*Id.* at ¶¶ 18–31). Acharya and Group 1 Automotive are Texas citizens, but Mercedes-Benz USA and TK Holdings are not.

Mercedes-Benz timely removed on the basis of federal diversity jurisdiction, arguing that Acharya, Group 1, and TK Holdings were improperly joined. (Docket Entry No. 1). The plaintiffs moved to remand and to amend the complaint to add GPI TX-DMII, a Texas citizen and the dealership that serviced Arthur Frederick's car, and to amend their allegations against Acharya. (Docket Entry Nos. 3, 4).

Based on the complaint, the motions and responses, the arguments of counsel, the record, and the applicable law, the court denies the plaintiffs' motion to remand, (Docket Entry No. 3), and denies the motion to amend, (Docket Entry No. 4). The improperly joined defendants are dismissed, without prejudice. The reasons for these rulings are set out below.

**I.      Background**

On October 26, 2019, Arthur Frederick was struck while driving his 2012 Mercedes C250 with an airbag system allegedly manufactured by TK Holdings, Inc. (Docket Entry No. 1-6 at ¶ 13). The plaintiffs allege that "[w]hile driving, [Arthur Frederick] was violently struck by Defendant Acharya," and that the airbags in Arthur Frederick's vehicle failed to deploy. (*Id.*). Arthur Frederick died from his injuries a few weeks later. (*Id.* at ¶ 16).

The plaintiffs submitted the following diagram from the investigating officer's crash report, illustrating how the incident occurred:



(*Id.* at ¶ 14).

In its notice of removal, Mercedes-Benz submitted the complete crash report, which contradicts the plaintiffs' narrative of the events leading to Arthur Frederick's death. (*See* Docket

Entry No. 1-25). According to the crash report, Unit 1, a truck,[1] struck the back of Unit 3, Arthur Frederick's vehicle, causing it to spin out into the far-left lane. (Docket Entry No. 9 at 20; *see also* Docket Entry No. 1-25). Unit 1 then struck Unit 4, Acharya's vehicle, pushing it into the right side of the freeway. (*Id.*; *see also* Docket Entry No. 1-25). The diagram the plaintiffs submitted comes from this crash report and demonstrates Mercedes-Benz's account. (*Id.*; *see also* Docket Entry No. 1-25). The diagram and the crash report do not show a causal connection between Acharya's vehicle and the crash.

Lisa Frederick, Arthur's widow, and several other family members brought a negligence suit on behalf of Arthur's estate in state court against Acharya, a Texas citizen. (Docket Entry No. 1-5). The plaintiffs amended the petition to include products-liability claims against Mercedes-Benz USA, LLC, Group 1 Automotive, and TK Holdings. (Docket Entry No. 1-6 at ¶¶ 10–12).

Mercedes-Benz USA, LLC is a Delaware corporation with a principal place of business in Georgia. (Docket Entry No. 1 at 4). Group 1 Automotive is a Texas corporation. (Docket Entry No. 1-6 at ¶ 11). The plaintiffs did not allege citizenship for TK Holdings, but Mercedes-Benz alleges that TK is a Delaware corporation with its principal place of business in Michigan. (Docket Entry No. 1 at 11–12).

## II. The Legal Standard

### A. Improper Joinder

In general, a defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "To remove a case based on diversity, the diverse defendant must demonstrate that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied."

---

[1] Unit 2 was the trailer hauled by the truck. (*See* Docket Entry No. 1-25).

*Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc). "A case may be removed pursuant to 28 U.S.C. § 1332 if there is complete diversity of citizenship and the amount in controversy is greater than $75,000 exclusive of interests and costs." *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 183 (5th Cir. 2018).

"[A] district court is prohibited by statute from exercising jurisdiction over a suit in which any party, by assignment or otherwise, has been improperly or collusively joined." *Smallwood*, 385 F.3d at 572 (emphasis omitted) (citing 28 U.S.C. § 1359). Improper joinder can be established by showing the "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). The issue is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The court "must resolve all ambiguities of state law in favor of the non-removing party." *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 463 (5th Cir. 2003) (citing *Travis*, 326 F.3d at 649). "The burden of persuasion on those who claim improper joinder is a heavy one." *Davidson v. Georgia-Pacific, L.L.C.*, 819 F.3d 758, 765 (5th Cir. 2016) (alteration omitted) (quoting *Travis*, 326 F.3d at 649).

A "court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573. In most cases, "if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Id.* A court may find that in some cases, "hopefully few in number, . . . a plaintiff has stated a claim, but has misstated or omitted discrete

4

facts that would determine the propriety of joinder." *Id.* "In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.*

### B. Leave to Amend

Federal Rule of Civil Procedure 15(a) allows a party to amend his or her pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. FED. R. CIV. P. 15(a). After a responsive pleading is served, a party may amend only by "leave of court or by written consent of the adverse party." *Id.*

Although leave to amend pleadings is freely given when justice requires, leave to amend "is not automatic." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). When a party seeks to add a nondiverse party, the court should scrutinize the amendment "more closely than an ordinary amendment." *Moore*, 732 F.3d at 456 (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987)).

To determine whether to permit a nondiverse party's joinder after removal, the court must balance the equities using four factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) other equitable factors. *Hensgens*, 833 F.2d at 1182.

Granting the plaintiffs' motion for leave to amend would destroy diversity and this court's subject-matter jurisdiction. The *Hensgens* factors apply.

**III.     Analysis**

    **A.     The Motion to Remand**

The plaintiffs argue that the court lacks diversity jurisdiction because Mercedes-Benz's removal violates the forum-defendant rule and Mercedes-Benz failed to obtain the consent of all defendants before removing the case.[2] (Docket Entry No. 3 at 8). Mercedes-Benz responds that because the in-state defendants were improperly joined, diversity jurisdiction exists. (Docket Entry No. 9 at 5–6). As required under *Smallwood*, the court will examine whether the defendant has demonstrated that there is no reasonable possibility of recovery by the plaintiffs against each in-state defendant. *See Smallwood*, 385 F.3d at 573.

        **1.     Durga Acharya**

The plaintiffs brought a negligence claim against Durga Acharya, the driver of one of the vehicles involved in the crash that caused Arthur Frederick's death. (*See* Docket Entry No. 1-5). The only allegation about Acharya's involvement in the crash is that he "violently struck" Arthur Frederick's vehicle. (Docket Entry No. 1-6 at ¶ 13). Because Mercedes-Benz argues that the plaintiffs have misstated the facts, the court may "pierce the pleadings." The crash report attached to the removal notice makes clear that Acharya's vehicle, "Unit 4," did not strike Arthur Frederick's vehicle, "Unit 3," but was instead ahead of Arthur Frederick's vehicle. (*See* Docket Entry No. 9 at 20; *see also* Docket Entry No. 1-25). The report describes how the "Unit 1" truck struck Arthur Frederick's vehicle, which spun out to the left lane. (*Id.*). The truck kept going and hit the rear of Acharya's vehicle. (*Id.*). There is no indication that Acharya struck or was struck by Arthur Frederick's vehicle or otherwise contributed to cause his injuries or death. (*Id.*).

---

[2] This issue turns on the improper joinder analysis because if the other defendants were improperly joined then Mercedes-Benz did not need their consent.

The plaintiffs dispute the accuracy of the crash report, arguing that "a police report, written by someone who was not a witness to the incident and is not an accident reconstructionist, does not support [Mercedes-Benz]'s contention that Acharya was fraudulently joined." (Docket Entry No. 3 at 12). But the plaintiffs rely on the crash report in detail in their pleadings, going so far as to include an image of the crash from the report. (*See* Docket Entry No. 1-6 at ¶ 14). That image, however, shows that Acharya was in front of, and did not strike, Arthur Frederick's vehicle.

Mercedes-Benz notes that the plaintiffs have dropped the claim that Acharya struck Arthur Frederick's vehicle from their first amended complaint, replacing it with an allegation that "Acharya failed to pay attention to his surroundings and failed to control his vehicle's speed in contributing to cause the collision." (Docket Entry No. 4-1 at ¶ 16). The court cannot consider the allegations in the proposed amended complaint to determine whether federal jurisdiction exists because "[t]he relevant time for determining jurisdiction remains removal, and the relevant pleadings are those in place at the time of removal." *Berry v. ADT Sec. Servs., Inc.*, 393 F. Supp. 3d 548, 554 (S.D. Tex. 2019) (quoting *DTND Sierra Inv., LLC v. Bank of New York Mellon Trust Co.*, No. 12-CV-1014, 2013 WL 432923, at *5 (W.D. Tex. Feb. 4, 2013)). "Post-removal filings may be considered only to the extent they amplify or clarify facts alleged in the state-court complaint, with new claims or theories of recovery disregarded." *Id.* (quoting *Scott Hengemuhle and Ty Prop., LLC v. Acceptance Indem. Ins. Co.*, No. 4:17-CV-409, 2017 WL 3908934, at *2 (E.D. Tex. Aug. 17, 2017)). Here, the proposed amended complaint alleges new facts and theories for the negligence claim, which were not pleaded at the time of removal. Even if the court considered the proposed amendment, it shows that the plaintiffs acknowledge the fact that Acharya's vehicle did not cause the accident by hitting Arthur Frederick's vehicle in the collision that allegedly should have triggered the airbags.

Because Mercedes-Benz has demonstrated that the plaintiffs have no reasonable possibility of recovery from Acharya on the negligence claim, he was improperly joined. The claims against him are dismissed, without prejudice. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 209 (5th Cir. 2016) ("When, as here, a court determines that a nondiverse party has been improperly joined to defeat diversity, that party *must* be dismissed without prejudice. If subject matter jurisdiction is based on diversity, a court never has jurisdiction over a nondiverse party.") (emphasis in original).

### 2. Group 1

The plaintiffs allege that Group 1, doing business as "Mercedes-Benz of Clear Lake," "manufactured, designed, distributed and/or sold the vehicle and its component parts that injured Plaintiffs," and that Group 1 is responsible for "the sale of thousands of vehicles in" Harris County. (Docket Entry No. 1-6 at ¶¶ 11, 18). Mercedes-Benz argues that Group 1 is improperly joined because the plaintiffs did not plead an exception to the rule governing products-liability claims against sellers. (Docket Entry No. 9 at 15).

Texas law defines a products-liability claim as:

any action against a manufacturer or seller for recovery of damages arising out of personal injury, death, or property damage allegedly caused by a defective product whether the action is based in strict tort liability, strict products liability, negligence, misrepresentation, breach of express or implied warranty, or any other theory or combination of theories.

TEX. CIV. PRAC. & REM. CODE § 82.001(2). Under § 82.003, a "seller that did not manufacture a product is not liable for harm caused to the claimant by that product unless the claimant proves" one of the following exceptions:

(1) that the seller participated in the design of the product;

(2) that the seller altered or modified the product and the claimant's harm resulted from that alteration or modification;

8

(3) that the seller installed the product, or had the product installed, on another product and the claimant's harm resulted from the product's installation onto the assembled product;

(4) that:
- (A) the seller exercised substantial control over the content of a warning or instruction that accompanied the product;
- (B) the warning or instruction was inadequate; and
- (C) the claimant's harm resulted from the inadequacy of the warning or instruction;

(5) that:
- (A) the seller made an express factual representation about the aspect of the product;
- (B) the representation was incorrect;
- (C) the claimant relied on the representation in obtaining or using the product; and
- (D) if the aspect of the product had been as represented, the claimant would not have been harmed by the product or would not have suffered the same degree of harm;

(6) that:
- (A) the seller actually knew of a defect to the product at the same time the seller supplied the product; and
- (B) the claimant's harm resulted from the defect; or

(7) that the manufacturer of the product is:
- (A) insolvent; or
- (B) not subject to the jurisdiction of the court.

"The plaintiffs' pleadings need not specifically cite to any of the seven exceptions . . . ; so long as the plaintiffs fairly state a claim that falls within any one or more of the exceptions, remand is appropriate." *Evans v. Kawaski Motors Corp., USA*, No. CIV.A. H-15-659, 2015 WL 4434073, at *3 (S.D. Tex. July 17, 2015) (citation and alterations omitted).

The plaintiffs neither claim a statutory exception nor respond to this argument in their written brief. At oral argument, the plaintiffs claimed that the pleadings allege that Group 1 had knowledge of the defect, but the complaint does not identify what defect Group 1 allegedly knew about. Instead, the complaint relies on boilerplate language to state their products-liability claims.

9

Even if the plaintiffs had adequately pleaded a statutory exception for seller liability, Mercedes-Benz argues that Group 1 was improperly joined because "a summary inquiry shows that [Group 1] was not involved with the Subject Vehicle." (Docket Entry No. 9 at 17–18). Mercedes-Benz includes an affidavit from Group 1's senior counsel stating that Group 1 does not conduct business under the name "Mercedes-Benz of Clear Lake" and is instead a "holding company that owns other companies which in turn operate automobile dealerships." (*Id.* at 18). Mercedes-Benz submits evidence that one of the companies owned by Group 1 is GPI TX-DMII, Inc., which operates as "Mercedes-Benz of Clear Lake," and serviced Arthur Frederick's vehicle. (*Id.*; Docket Entry No. 1-23).

The plaintiffs argue that Group 1's website states that it operates automotive dealerships and provides services to customers. (Docket Entry No. 3 at 14–15). The plaintiffs allege that these activities are inconsistent with those of a holding company. (*Id.*). Mercedes-Benz responds that the website statements are taken out of context, and "are plainly on behalf of the various dealership entities that Group 1 holds." (Docket Entry No. 9 at 18–19). Mercedes-Benz argues that if the plaintiffs had looked at Group 1's S.E.C. filings, available on the website, they would have seen that GPI is listed as doing business as "Mercedes-Benz of Clear Lake," not Group 1. (*Id.* at 19). Mercedes-Benz also notes that the Texas Secretary of State records show that "Mercedes-Benz of Clear Lake" is the assumed name of GPI. (*Id.*).

The plaintiffs do not controvert the evidence Mercedes-Benz submitted or argue that Group 1 actually serviced Arthur Frederick's vehicle. Instead they argue that Group 1's website supports their belief that Group 1 could have serviced Arthur Frederick's vehicle. The uncontested evidence demonstrates that the plaintiffs have no reasonable possibility of recovery on their products-

10

liability claims against Group 1. The court finds that Group 1 was improperly joined; the claims against it are dismissed, without prejudice.

### 3. TK Holdings

The plaintiffs do not allege TK Holdings's citizenship in their petition. (*See* Docket Entry No. 1-6). In its notice of removal, Mercedes-Benz argues that TK Holdings is a Delaware corporation with its principal place of business in Michigan. (Docket Entry No. 1 at 11–12). Even though TK is a diverse party, Mercedes-Benz would have needed TK's consent to remove if it was a properly joined party. *See* 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action").

Mercedes-Benz demonstrates that TK is improperly joined because it filed for bankruptcy and the automatic stay prohibits future suits. (Docket Entry No. 1 at 12). The plaintiffs do not argue that TK was properly joined or controvert Mercedes-Benz's evidence. The court finds that TK was improperly joined, and the claims against it are dismissed, without prejudice.

### B. The Motion for Leave to Amend

The plaintiffs moved to amend their complaint to add GPI TX-SMII, Inc., a Texas corporation doing business as "Mercedes-Benz of Clear Lake" and the entity that serviced Arthur Frederick's car. (Docket Entry No. 4). They do not drop their claims against Group 1 or change their allegation that Group 1 is doing business as "Mercedes-Benz of Clear Lake." (Docket Entry No. 4-1).

If the plaintiffs are allowed to amend, the presence of GPI would destroy diversity. The *Hensgens*-factor analysis follows.

### 1.   The Extent to Which the Purpose of the Amendment is to Defeat Federal Jurisdiction

Courts analyzing the first *Hensgens* factor consider whether the plaintiff knew or should have known the identity of the nondiverse defendant when the state-court complaint was filed. *Berry v. Wal-Mart Stores Texas, LLC*, No. CV H-18-4619, 2019 WL 1407212, at *2 (S.D. Tex. Mar. 28, 2019).

The plaintiffs claim that their principal purpose is not to defeat federal jurisdiction, but to bring a valid cause of action against GPI. (Docket Entry No. 4 at 5). Mercedes-Benz responds that the plaintiffs should have known GPI's identity when they filed suit and that their attempt to amend so soon after removal indicates that their purpose is to defeat federal jurisdiction. (Docket Entry No. 10 at 11–12).

The plaintiffs clearly identified "Mercedes-Benz of Clear Lake" as a party, but named the wrong company as operating under that assumed name. As Mercedes-Benz demonstrates, information about the entity behind "Mercedes-Benz of Clear Lake" is available from the Texas Secretary of State and on Group 1's website. (*See* Docket Entry No. 10 at 13–15). The plaintiffs should have known to add GPI to their pleadings. The first factor weighs against granting leave to amend.

### 2.   Whether the Plaintiffs Have Been Dilatory in Asking for Amendment

The plaintiffs argue that they were not dilatory in moving to amend because they learned of GPI's potential involvement when Mercedes-Benz removed the case on March 2, 2020. (Docket Entry No. 4 at 6). Mercedes-Benz responds that the standard is based on when the plaintiffs sought leave to amend in relation to the filing, not the removal, date. (Docket Entry No. 10 at 20).

"Although courts generally find that a plaintiff 'is not dilatory in seeking to amend a complaint when no trial or pretrial dates were scheduled and no significant activity beyond the pleading stage has occurred,' the analysis is different when the proposed amendment is to add nondiverse defendants shortly after removal based on federal diversity jurisdiction." *Multi-Shot, LLC v. B&T Rentals, Inc.*, H-09-3283, 2010 WL 376373, at * 9 (S.D. Tex. Jan. 26, 2010) (quoting *Smith v. Robin Am., Inc.*, No. 08-3565, 2009 WL 2485589, at *6 (S.D. Tex. Aug. 7, 2009)). "In such a circumstance, '[a] delay of two months after the filing of the original complaint or almost thirty days after the notice of removal has been found dilatory.'" *Id.* (quoting *Irigoyen v. State Farm Lloyds*, No. 03-0324, 2004 WL 398553, at *4 (S.D. Tex. Jan. 5, 2004)).

In *Duhaly v. Cincinnati Ins. Co.*, No. CV H-18-4158, 2019 WL 2075911, at *2 (S.D. Tex. May 10, 2019), this court denied a plaintiff's motion for leave to amend when he moved "nearly six months after he filed his original petition and five months after [removal]." As explained in that opinion, courts have found even shorter periods dilatory. *See Wells v. Chesapeake Energy Corp.*, No. H-15-1856, 2016 WL 1182247, at *3 (S.D. Tex. Mar. 28, 2016) (a three-month delay after filing the original petition was dilatory); *W&L Ventures, Inc. v. East West Bank*, No. H-13-00754, 2014 WL 1248151, at *3 (S.D. Tex. Mar. 26, 2014) (a motion filed just over a month after the petition was filed and three days after it was removed was a neutral factor).

In this case, the plaintiffs filed their motion for leave to amend over four months after filing their original petition and 31 days after removal. (Docket Entry No. 10 at 21). This factor weighs against granting leave to amend.

### 3. Whether the Plaintiffs Will be Significantly Injured if the Amendment is not Allowed

Courts analyzing the third *Hensgens* factor look to whether (i) the already named diverse defendant would be unable to satisfy a future judgment; and (ii) the possibility of a separate state

13

court proceeding weighs against denying the proposed amendment. *Agyei v. Endurance Power Prods.*, 198 F. Supp. 3d 764, 777 (S.D. Tex. 2016).

The plaintiffs argue that if the court denies their motion, they "will be forced to prosecute a second action against GPI in state court." (Docket Entry No. 4 at 7). The plaintiffs also argue that GPI "will almost certainly designate [Mercedes-Benz] and Acharya as responsible third parties" and plaintiffs "will then be forced to join them as defendants in the state court action." (*Id.* at 8). Mercedes-Benz responds that the plaintiffs are not compelled to file a second lawsuit against GPI because no evidence shows that GPI is a necessary party under Rule 19. (Docket Entry No. 10 at 22–23). Mercedes-Benz points out that the plaintiffs have not shown any problem with Mercedes-Benz's ability to satisfy a future judgment. (*Id.* at 22). There is no indication that Mercedes-Benz cannot satisfy a judgment in this case.

Texas law provides that a responsible third-party may be designated, but need not be joined in the case. *See Berry*, 2019 WL 1407212, at *4; *Werner v. KPMG LLP*, 415 F.Supp.2d 688, 702–03 (S.D. Tex. 2006); *Armstrong v. Nat'l Shipping Co. of Saudi Arabia*, No. H-15-868, 2017 WL 2156358, at *1 (S.D. Tex. May 17, 2017) (in a diversity case, federal rules apply to decide how third parties may be formally joined and become parties to the lawsuit, and § 33.004 does not require formal joinder) (citation omitted); *Apamibloa v. City of Hous.*, No. H-15-2566, 2016 WL 1567617, at *6 (S.D. Tex. Mar. 21, 2016) (denying motion for leave to add a nondiverse party although the defendant may have intended to join him as a responsible third party); *Golden v. Gen. Motors LLC*, No. 17-CV-606-RP, 2017 WL 5633465, at*3 (W.D. Tex. Nov. 22, 2017) (same).

The plaintiffs may pursue GPI in state court, "result[ing] in parallel judicial proceedings." *See Agyei*, 198 F. Supp. 3d at 777. Mercedes-Benz cites *Arthur v. Stern*, in which this court held that "[h]aving to litigate these separate claims in separate proceedings, one state and one federal,

14

is not a significant injury under *Hensgens*." No. CIV.A. H-07-3742, 2008 WL 2620116, at *6 (S.D. Tex. June 26, 2008). In *Arthur*, the claims against the proposed defendants related to separate actions and were severable. *Id.* ("The claims in the present complaint arise from the broadcast of the Entertainment Tonight interview with Marshall. The claims against the proposed additional defendants arise from statements made in internet postings months later."). In their proposed amended complaint, the plaintiffs similarly assert a negligence cause of action against Group 1 and GPI, separate from the product-liability claims against Mercedes-Benz. (Docket Entry No. 4-1 at ¶ 39). As in *Arthur*, the claims could proceed separately with little by way of judicial inefficiency. This factor weighs against granting leave to amend.

### 4. Other Equitable Factors

The fourth factor involves a consideration of other equitable factors, including whether granting leave to amend would deprive a defendant of a properly invoked federal forum and whether denying leave to amend would result in parallel state-court proceedings. *Berry*, 2019 WL 1407212, at *4. The plaintiffs point toward their concerns over parallel litigation, citing *Watson v. Law Enf't All. of Am., Inc.*, 451 F. Supp. 2d 870, 874 (W.D. Tex. 2006), in which the court held that "allowing a single fact finder to determine Plaintiffs' common claims against [the defendants] is not only more efficient but also in the interest of justice." Mercedes-Benz points out that this argument is the same one the plaintiffs raised in support of the third *Hensgens* factor. (Docket Entry No. 10 at 23). Mercedes-Benz argues that it will be denied its properly invoked federal forum if leave to amend is granted. (*Id.*).

The court finds that Mercedes-Benz properly invoked this federal forum because of the improper joinder of the nondiverse defendants. While denying leave to amend could result in

parallel state-court proceedings for the plaintiffs, the court does not find that this risk outweighs the denial of the federal forum. This factor weighs against granting leave to amend.

## IV. Conclusion

Because the court finds that the nondiverse defendants were improperly joined and that the *Hensgens* factors weigh against granting leave to amend, the plaintiffs' motion to remand, (Docket Entry No. 3), and motion for leave to amend, (Docket Entry No. 4), are denied. The claims against Acharya, Group 1, and TK Holdings are dismissed, without prejudice.

SIGNED on June 11, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge